*By the Court*, Savage, C. J.    Attornies and counsellors of this court are privileged from arrest whilst in actual attendance upon the court, or whilst going to or returning from court ;  the privilege extends *eundo et redeundo*, but whilst remaining at home they are subject to arrest.    On this ground, therefore, the defendant is not entitled to a discharge.    Nor can his privilege as a member of the legislature avail him, having actually returned to his home after the adjournment of the legislature.    The protection from arrest is secured to enable members of the legislature to return to their homes, and having in fact returned, they cannot claim an exemption from arrest, although the fourteen days are not expired.    The defendant can claim nothing on this ground.    The motion is denied.

NEW-YORK,
May, 1830.

Ten Broeck
v.
Middlebrook.

---

### Brown and Brown *vs.* Davenport and others.

A writ of error *coram vobis* will be quashed, where the names of the parties in the judgment sought to be reversed are not truly stated.

Motion to quash a writ of error *coram vobis*.    A capias was issued in the names of Davenport, Wyckoff and Barnes, against H. Brown and M. Brown.    Barnes died previous to the return of the writ, and the suit was prosecuted in the names of the surviving plaintiffs, and judgment obtained.    A writ of error was sued out by the defendants, stating the judgment to have been rendered in favor of the three plaintiffs named in the capias.    On the ground that there is no such judgment, a motion to quash the writ of error was now made by W. C. Noyes, for the defendants in error, and granted by The Court, giving leave, however, to the plaintiff's in error to amend on payment of costs.

---

### Ten Broeck *vs.* Middlebrook.

The venue in a cause commenced in the superior court will not be changed in ordinary cases, after a trial had.

The Court refused to change the venue, the effect of which would have been to have removed this cause from the superior court of the city of New-York into this court.    A trial

NEW-YORK, had already been had in the superior court, and THE COURT
May, 1830. said that although they possessed the power to grant the mo-
tion after one trial had, they thought it most fit in ordinary
The People cases, the cause should remain in the superior court for a
v.
HerkimerC.P. second trial, and thereupon denied the motion.

---

GOMEZ and WALDRON *vs.* GREEN.

Where a judgment of reversal on a writ error obtained by default, is set
aside on payment of costs, no other than the costs of the term and of the
subsequent proceedings can be charged.

COSTS. The plaintiff in error in this cause at a previous
term obtained a judgment of reversal of a common pleas
judgment by default, which was set aside on the defendants
coming in and excusing their default on payment of costs ;
and the question was, what costs were to be paid, the costs
of the term and subsequent proceedings only, or a full bill
of costs ? THE COURT said that the former only could be
charged, i. e. the costs of the term and of the subsequent pro-
ceedings.

---

THE PEOPLE, on the relation of J. G. Furgeson, *vs.* HER-
KIMER C. P.

An appellant is entitled to amend an appeal bond where there is a variance
between the amount of the judgment specified in the bond and the judg-
ment actually rendered, although the appeal was prosecuted previous to
the revised statutes going into effect.

MOTION for a mandamus. The common pleas of Her-
kimer dismissed an appeal for a variance between the amount
of the judgment rendered and the sum specified in the ap-
peal bond, notwithstanding that the appellant offered to
amend the bond and make it conformable to the judgment.
The judgment was rendered in November last, and the no-
tice to dismiss the appeal was made and granted in Febru-
ary. A mandamus was asked, directing the common pleas
to vacate the rule dismissing the appeal.